STATE OF VERMONT *v.* PERLEY STEVENS.

(77 A2d 844)

November Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1951.

*Clifton G. Parker,* Attorney General, and *Raymond S. Fitz- patrick* for the plaintiff.

*Gibson & Crispe* and *John S. Burgess* for the defendant.

SHERBURNE, C. J.   This is an action of contract to recover of the defendant contributions alleged to be due under the Vermont Unemployment Compensation Law for the periods from July 1, 1946, through December 31, 1946, and from January 1, 1947, through September 30, 1947, together with interest and penalties. At the close of all the evidence the county court granted defendant's motion for a directed verdict and judgment thereon.   The cause comes here upon the State's exceptions.

All the evidence as to the alleged employment came from one William C. Cole, a witness called by the State.   From his undisputed testimony the following facts appeared: Cole had been operating a sawmill of his own when he went to work for one Davis and the defendant at a weekly wage in a sawmill they owned in Wardsboro.   Later the defendant bought out Davis, and in 1946 entered into an oral arrangement with Cole, under which the defendant would furnish the mill and power to operate it, and would keep the motor and equipment in repair, and pay Cole $9 per thousand for sawing the lumber, and Cole was to hire and pay his own help and pay the Social Security taxes on them.   There was no agreement as to the length of time, and nothing to hold Cole to stay there, nor to prevent the defendant from telling him to get out.   Cole owned a truck which he used to cart the mill waste out of the way across the road and for which the defendant furnished the gasoline.   The defendant attended to putting the logs on the skidway and to the trucking of the sawed lumber.   He told Cole the sizes into which the lumber was to be sawed and how to grade it.   If the defendant took an order for lumber that had to be delivered in a certain length of time, he would ask Cole to rush it through a little faster.   Other than the truck Cole supplied only some cant hooks and an axe. Cole had six employees who worked under his orders.   At sometime in 1947 the arrangement was changed and the defendant paid Cole $54.00 a day on a five day week basis, and Cole hired and paid his help as before.

According to the defendant's report to the Unemployment Compensation Commission under date of March 7, 1947, he was engaged in the business of manufacturing lumber at Wardsboro with an average number of 10 workers and had started such business in September, 1946, and employed eight or more workers during 16 weeks in that year and during 9 weeks in 1947. At the trial the defendant conceded that he was an employer within the meaning of the Unemployment Compensation Law, except as to Cole and those he hired. The sole issue to be decided is whether Cole and the men whom he hired to work with him in the mill during the periods in question were in the "employment" of the defendant within the meaning of such law.

Our Unemployment Compensation Law was enacted by No. 1 of the Acts of the Special Session of 1936. With later amendments this was carried forward into Chapter 250 of the Vermont Statutes, Revision of 1947. Although such Vermont Statutes did not become effective until February 1, 1948, for convenience we quote below from § 5347 thereof certain provisions which are in the language of the acts in force in 1946 and 1947 except for the substitution of the word "chapter" for "act."

> "5343. Definitions. The following words and phrases, as used in this chapter, shall have the following meanings unless the context clearly requires otherwise:
> * * *
> "VI. (a). "Employment," subject to the other provisions of this subdivision VI, means service within the jurisdiction of this state, including service * * * performed for wages or under any contract of hire, written or oral, expressed or implied. * * *
> (b). Services performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commission that:
> (1). Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and
> (2). Such service is either outside the usual course

of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3). Such individual is customarily engaged in an independently established trade, occupation, profession or business."

The original act did not contain provision (3). It was added by § 2 of No. 171 of the Acts of 1937.

In support of the rulings below in the granting of defendant's motion for a directed verdict and in excluding evidence offered by the State, the defendant asserts that the evidence shows that Cole was an independent contractor as a matter of law, and that there was no "employment" as it is defined in Vermont Statutes, Revision of 1947, Chapter 250, and that the tests provided in § 5343, VI (b) were not intended to be considered in the conjunctive.

As held in *Schomp* v. *Fuller Brush Co.*, 124 NJL 487, 12 A2d 702, affirmed 126 NJL 368, 19 A2d 780, in construing an identical statute, the three conditions (1) (2) and (3) that would negative the relationship of the statutory "employment" must be concomitant, must all co-exist together, and the failure of one necessarily results in the relationship being one of "employment." In the statute the term "employment" is more or less affirmatively defined, and taken in connection with the delimitations 1, 2 and 3, it is wholly defined. It is reasonably clear that the Legislature in its affirmative definition of employment, ordained that all services performed by an individual for remuneration should be deemed to be employment for the purpose of unemployment compensation, unless the three concomitant conditions appear. In that case tests 1 and 3 were not met.

When the meaning of a statute is plain, it is the duty of the courts to enforce it according to its obvious terms. In such a case there is no necessity for construction. *Blanchard* v. *Blanchard's Estate,* 109 Vt 454, 459, 199 A 233; *Stearns* v. *Graham,* 85 Vt 486, 82 A 835; *State* v. *Franklin County Savings Bank,* 74 Vt 246, 263, 52 A 1069; *In re Will of Prudenzano,* 116 Vt 55, 60, 68 A2d 704. Unlike some of the unemployment statutes that may have been adopted in other states our statute contains no mention of the terms "master," "servant" or "independent contractor." It is plain

from its terms that the three concomitant conditions bring under the definition of "employment" many relationships outside of the common law concepts of the relationship of master and servant. Although it may be debatable whether Cole was an independent contractor under .the holdings in *Kelley's Dependents* v. *Hoosac Lumber Co.,* 95 Vt 50, 113 A 818; *Morgan* v. *Gould,* 96 Vt 275, 280, 119 A 517; *Travelers Insurance Co.* v. *Evans,* 101 Vt 250, 260, 143 A 290; *Jourdenais* v. *Hayden,* 104 Vt 215, 158 A 664, cases cited by the defendant, our determination here is governed by the terms of the statute. Nor is the statute in *pari materia* with our Employers Liability and Workmen's Compensation Statutes as argued by the defendant. The terminology is somewhat different, and the two were adopted for different purposes. Even under the latter, Vermont Statutes, Revision of 1947, § 8054 (I), includes under the definition of "employer" a person who is the owner or lessee of premises or who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed. See *O'Boyle* v. *Parker-Young Co.,* 95 Vt 58, 61, 112 A 385.

The language of our statute is so plain and convincing that we have deemed it unnecessary to go into the many decisions of other courts. There is a hopeless confusion in them, and sometimes in the same court. According to a well reasoned article entitled "Employment Relation, Common Law Concept and Legislative Definition" by Benjamin S. Asia, 55 Yale Law Journal 76, 88-92, the majority of our state court decisions have given the three conditions, commonly called the "A B C" provisions, where they are used, full application, and have held that the statutory definition of "employment" is broader than the common law master and servant relation. Although the defendant concedes that the majority so hold, he refers us to the case of *Washington Recorder Publishing Co.* v. *Ernst,* 199 Wash 176, 91 P2d 718, 124 ALR 667, which holds that the three similar conditions in the Washington statute do not differ from the test employed at the common law in determination of the question whether the relationship is that of employer or independent contractor. However, a later case, *State ex rel. Mulhausen* v. *Superior Court,* 22 Wash 2d 811, 157 P2d 938, 160 ALR 692, states:

"* * * The appellant contends, however, that the relationship of employer and employee, as defined by the statute, was circumscribed and limited by this court in the decision of the case of *Washington Recorder Publishing Co.* v. *Ernst,* 199 Wash 171, 91 P2d 718, 124 ALR 667, to the common-law concepts attending the relationship of master and servant.

"It is quite true that language was used in that decision upon which such contention may well be made; however, the language used was out of harmony with the interpretation of the statutory definition of employer and employment as laid down by this court in the prior case of *McDermott* v. *State,* 196 Wash 261, 82 P2d 568. In that case, we expressly stated that the statutory definitions embraced relationships which were outside of and beyond the common-law concepts of the relationship of master and servant.

"In *Mulhausen* v. *Bates, supra* (9 Wash 2d 264, 114 P2d 995) we reverted to the statutory definitions of employer and employment as interpreted in *McDermott* v. *State, supra.* Since then, we have accepted the statutory definitions at their face value in a number of cases."

The facts proven in this case present a much stronger case than those in *Steel Pier Amusement Co.* v. *Unemployment Compensation Commission,* 127 NJL 154, 21 A2d 767. There an orchestra, under contracts between the leader thereof and the Amusement Company, whereby the leader agreed for a specified weekly compensation, which included the minimum union wage for himself and musicians, to furnish an orchestra of a specified number of musicians, rendered services on the pier which was the Company's place of business, in the usual course of business for which such service is performed, subject to the Company's control as to the time of performance and kinds of music to be played, and the members of the orchestra during the periods covered by the contract devoted themselves to the work for the benefit of the Company. A member of the orchestra was held to be an "employee" of the Amusement Company during such period within the meaning of

the Unemployment Compensation Law rather than an employee of the orchestra director, and not to be customarily engaged in an "independently established trade, occupation, profession or business" within the meaning of such law. The opinion states that it is clear that the leader was merely agent for the hiring of the musicians and was, for all practicable purposes, a foreman.

Although it may be debatable if the evidence in this case meets test number 1, it is unnecessary to decide whether it does or not, and we will pass directly to tests 2 and 3. The evidence shows that the defendant was in the lumber manufacturing business. He owned and furnished the sawmill and the power to run it, and kept the mill and motor in repair. He put the logs on the skidway and drew away the sawed lumber. For a time he hired Cole, who had been previously working at the mill for a weekly wage, to attend to sawing the logs at so much per thousand feet, and then at so much per day, and to hire and pay the necessary help out of what he received. Such service of Cole and those he hired is not shown to be outside the usual course of the defendant's business for which such service was performed as required by test number 2. Nor is test number 3 met. The evidence shows that neither Cole nor those he hired were customarily engaged in an independently established trade, occupation, profession or business. On the facts shown we hold that Cole and the men he hired were in defendant's "employment" within the meaning of the Unemployment Compensation Law.

Subject to the State's exception the court excluded and in effect struck out Cole's testimony to the effect that very shortly after the period of time here involved the defendant took over the operation of the sawmill and paid the help himself, and Cole no longer worked by the thousand along the last of his working there. It is doubtful if this evidence was legally admissible in the then state of the prior evidence, but since there must be another trial we think it advisable to state, that in view of the day to day arrangement that the defendant had with Cole, such evidence would have a bearing upon whether Cole and the men he had hired had been and would continue to have been free from the defendant's control or direction under test number 1. To meet such test it must appear that the contract does not confer upon the principal any right of control or direction over the performance of such services, and that he has not exercised and will not exercise such control or direction in fact.

The State's offer to show by Cole the amount of remuneration received by Cole and the men he hired was excluded, subject to the State's exception. In view of our previous holding this should have been received. Without such evidence the amount due the State could not be determined. Had such evidence been received it would have been error to direct a verdict for the defendant. The exclusion of this evidence was prejudicial error.

*Judgment reversed, and cause remanded.*