# James Blair v. Robert Cohen

[163 A.2d 843]

May Term, 1960

Present: Holden, Shangraw and Barney, JJ. and Morrison, Supr. J.

Opinion Filed September 6, 1960

*Allan Bruce* and *Joseph S. Wool* for the plaintiff.

*N. Henry Press* for the defendant.

**Morrison, Supr. J.** Plaintiff sued for judgment against defendant under the provisions of 9 V.S.A. §2311 and 9 V.S.A. §2312. Hearing was before the Franklin County Court on July 25, 1957, during the April Term, 1957. Findings of fact were dated October 23, 1957 and filed November 23, 1957. Judgment was entered July 2, 1959 by the assistant judges of Franklin County Court. At the time of rendering judgment the assistant judges found that the cause of action arose from the wilful and malicious act or neglect of the defendant and that the defendant ought to be confined in close jail.

The defendant challenges the judgment on the ground that the action of the assistant judges is contrary to the provisions of 4 V.S.A. §119:

"Whenever the presiding judge or the judges of a County Court have begun the hearing of a cause on its merits at a stated term thereof or in vacation after a stated term, he or they may finish such hearing and render judgment therein at any time before the opening of the second stated term thereafter. The expiration of his term of office shall not disqualify any such judge to act."

There are two terms annually in Franklin County Court: one beginning the second Tuesday in April and a second beginning the second Tuesday in September. 4 V.S.A. §115. The hearing of July 25, 1957 was during the April Term, 1957. The opening of the "second stated term thereafter" was the second Tuesday in April, 1958. The question raised by the defendant is, in substance, whether a judgment entered after the terminal date specified in the statute, is valid.

Title 4 V.S.A. §119 was enacted as Section 2 of No. 40 of the Acts of 1929. This act constituted an extension of the law relating to powers of county courts and superior judges. Section 1 of the 1929 act is now 4 V.S.A. §75; section 2 is 4 V.S.A. §119; section 3 is 12 V.S.A. §4363. A fourth section of the 1929 act, with modifications, has been incorporated into 4 V.S.A. §117. There has been no amendment of section 2 of No. 40 of the Acts of 1929 since passage.

 This Court has held that the authority and jurisdiction of a county court or of a judge thereof in vacation over judgments and the matters upon which they are based are only such as the statute confers. *Leonard* v. *Willcox*, 101 Vt. 195, 205, 142 A. 762. And when the meaning of a statute is plain, it is the duty of the courts to enforce it according to its obvious terms. In such case there is no necessity for construction. *State* v. *Stevens*, 116 Vt. 394, 397, 77 A.2d 844.

 It follows, therefore, that hearing having been had in this case at the April Term, 1957 of Franklin County Court, and findings having been properly made and filed, the last day upon which a majority of the judges could have rendered judgment was the second Tuesday in April, 1958.

 The judges who signed the purported judgment and its ancillary finding that the cause of action on which the judgment was

founded arose from the wilful and malicious act and neglect of the defendant were without authority to do so. Their acts in these respects should be set aside as a nullity. *Saund* v. *Saund,* 100 Vt. 387, 394, 138 A. 867.

The defendant has briefed other exceptions to the findings and the judgment order. The disposition of this case makes unnecessary any discussion of these exceptions since it is improbable that a new trial will evoke the same problems.

*Exception sustained. Findings and judgment order are vacated and held for naught. The cause is remanded for hearing de novo.*