### John F. Kelly v. Alpstetten Association, Inc.

[296 A.2d 232]

No. 156-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*John F. Kelly, Esq.,* Cohoes, N.Y., *pro se,* and *Timothy J. O'Connor, Jr., Esq.,* Brattleboro, of Counsel, for Plaintiff.

*Philip K. Rosi, Esq.,* of *Kristensen, Cummings & Price,* Brattleboro, for Defendant.

**Barney, J.** After the plaintiff had appealed to this Court, but prior to the hearing on the issues raised on the merits, he interposed a motion to remand for a new hearing here. His motion was predicated on the provisions of 4 V.S.A. § 119:

> "Whenever the presiding judge or the judges of a county court have begun the hearing of a cause on its merits at a stated term thereof or in vacation after a stated term, he or they may finish such hearing and render judgment therein at any time before the opening of the second stated term thereafter. The expiration of his term of office shall not disqualify any such judge so to act."

Although the hearing was completed and findings made long before the expiration of the period described in the statute just set out, the judgment order, through inadvertence, was not prepared and filed within the two-term period. On this basis the plaintiff asserts that jurisdiction to enter the judgment is lacking, as was held in *Blair* v. *Cohen,* 122 Vt. 83, 163 A.2d 843 (1960).

Had this case arisen at the time the *Blair* case was decided, the judgment would have been of unquestioned validity. It would have been distinguishable from the *Blair* case because the present action is equitable in nature and would have been governed by the provisions of 12 V.S.A. § 4363:

> "If a chancellor has begun the hearing of a case on its merits, he may complete such hearing and make final order and decree therein at any time thereafter."

What was formerly simple and clear has now been clouded by the vesting of the chancellor's powers in the presiding judge of the county court and the powers and jurisdiction of

the former court of chancery in the county courts. 4 V.S.A. § 219. This transfer took effect upon the promulgation by this Court of the present Vermont Rules of Civil Procedure, effective July 1, 1971. No. 129 of the Public Acts of 1969.

On March 29, 1972, the provisions of Chapter 163, Chancery Proceedings, of Title 12, Vermont Statutes Annotated were repealed generally as being superseded by the Vermont Rules of Civil Procedure. V.R.C.P. Rule 6(c) provides:

> "The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it."

The Reporter's Notes appended to this rule suggest that 4 V.S.A. § 119 has been superseded by this rule. It may be that this question is at present indeterminate, since 4 V.S.A. § 119 was not among those sections repealed in No. 185 of the Acts of 1971 (Adj. Sess.), the general repealer bill intended to eliminate procedural statutes now covered by the Vermont Rules of Civil and Appellate Procedure. But the case before us does not raise that issue.

As we have seen, the action here involved is equitable, and it is clear that Rule 6(c) V.R.C.P. has replaced 12 V.S.A. § 4363. Since both 4 V.S.A. § 119 and 12 V.S.A. § 4363 originated in a single legislative act, as sections two and three respectively of No. 40 of the Public Acts of 1929, it cannot be questioned that 4 V.S.A. § 119 was to be limited to cases arising at law only. A different rule was simultaneously enacted for equitable actions.

Nothing in the process of putting together the county court and the court of chancery suggests any determination to expand the restrictions of 4 V.S.A. § 119 to equitable actions. Moreover, the explicit preservation and transfer of the powers of the chancellor negate any additional or new restraint of this kind on his power to render judgment. To say otherwise would be to render Rule 6(c) meaningless. This is consistent with the nature of much of equitable jurisdiction,

where causes must remain before the court of chancery for long periods, as in receivership or supervision of trusts.

The judgment order rendered by the chancellor here was not defective for having been rendered beyond the time limitations of 4 V.S.A. § 119.

*Motion to dismiss and remand denied.*