# Fred Pabst, Jr. v. Robert Lathrop, Commissioner of Taxes

[376 A.2d 49]

No. 355-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*Gravel, Shea & Wright,* Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Richard J. King,* Assistant Attorney General, Montpelier, for Defendant.

**Per curiam.** In this cause the superior court heard the plaintiff's appeal from a decision of the Commissioner of Taxes at a stated term but entered judgment after the opening of a second stated term. The question before us is whether the judgment is valid.

The parties agree that the action is one at law and jointly contend the validity of the judgment is governed by V.R.C.P. 6(c) and not by 4 V.S.A. § 119 as construed by this Court in *Blair* v. *Cohen,* 122 Vt. 83, 163 A.2d 843 (1960). The statute provides in substance that a county (now superior) court which has begun the hearing of a cause on its merits at a stated term may finish such hearing and render judgment at any time before the opening of the second stated term thereafter. The decision held that any judgment rendered after the opening of the second stated term was null and void. In *Kelly* v. *Alpstetten Association, Inc.,* 130 Vt. 443, 296 A.2d 232 (1972), this Court held that the statute was limited to cases arising at law; because the matter before the court was an equitable action it was governed by 12 V.S.A. § 4363, superseded by V.R.C.P. 6(c). The applicability of 4 V.S.A. § 119, not being in issue in *Kelly,* remains open for our decision.

V.R.C.P. 6(c) provides:

> The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any

proceeding in any civil action which has been pending before it.

■ The statute and the rule being in apparent conflict, we must, in order to determine which is controlling in the action before us, look to the legislative intent in order that a fair and reasonable construction may be reached capable of accomplishing the statutory objective. *Conn* v. *Town of Brattleboro*, 120 Vt. 315, 320, 140 A.2d 6 (1958). At the outset, it should be pointed out that 4 V.S.A. § 119, enacted as Section 2 of No. 40 of the Acts of 1929, was not intended to be a limitation upon the powers and duties of the county court but an extension of the law relating to their powers. *Blair* v. *Cohen, supra*. See also *Lafko* v. *Lafko*, 127 Vt. 609, 613, 256 A.2d 166 (1969). It is also well to note that Section 3 of No. 40 was the genesis of 12 V.S.A. § 4363, applicable to chancellors at a time when the now superior court functioned as the county court and a separate court, the court of chancery in which the presiding superior judge was the chancellor. The county court was then governed by a time limit. 4 V.S.A. § 119. 12 V.S.A. § 4363 imposed no limit whatsoever.

No. 129 of the Acts of 1969 abolished the separate court of chancery, and the powers and jurisdiction of the courts of chancery vested in the county courts. The procedural merger of law and equity was accomplished by the promulgating of V.R.C.P. 2. "There shall be one form of action to be known as 'civil action'."

The Legislature, in conferring authority upon this Court to promulgate our Vermont Rules of Civil Procedure, stated, "After the effective date of the rules as prescribed, or amended, all laws in conflict therewith shall be of no further force or effect." 12 V.S.A. § 1.

■ Taking into account the creation of a single county court exercising combined law and equity powers, the affirmation of the right of this court to enact procedural rules, 12 V.S.A. § 1, the institution of a single action in which both legal and equitable rights may be adjudicated, and the supersession statement of 12 V.S.A. § 1, we have no difficulty in holding that the Legislature intended generally to supersede 4 V.S.A. § 119 when V.R.C.P. 6(c) was adopted. We hold that the time limit for the entry of judgment in a cause heard by the now superior

court is controlled and governed by V.R.C.P. 6, which supersedes and impliedly repeals 4 V.S.A. § 119.

To say otherwise would be to create an anomaly when there is but one form of action created by the General Assembly. *Blair v. Cohen* may have served its purpose but is now obsolete.

A word of caution is in order. V.R.C.P. 6(c) will not be used by this Court to excuse improper delay. The Rules of Civil Procedure were adopted to secure the just, speedy and inexpensive determination of every action.

*The judgment being valid, the parties are to proceed to argument upon the merits.*