### Carol A. Veino v. Thomas W. Veino

[392 A.2d 417]

No. 329-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 11, 1978

*James J. McNamara,* Burlington, for Plaintiff.

*Saul Lee Agel, Lewis K. Sussman* and *Robert B. Giknis,* Burlington, for Defendant.

**Larrow, J.** This divorce proceeding, with a history dating back to a 1971 decree, comes before us on appeal from a trial court order revising defendant's child support payments up-

wards, as a result of his petition to revise under which he sought only relief from liability until gainfully employed. Other matters disposed of in the same order, dated August 30, 1976, are not the subject of this appeal.

■■ We are compelled to strike that part of the order appealed from. We do not subscribe to appellant's reasoning that this is required because he did not ask for the particular amendment, increasing support payments from $30.00 per week for two children to $30.00 *each*, or because the appellee did not allege or prove changed circumstances. The power to revise is not so narrowly limited; it may be based upon increase in the total support burden and the "new demands of changing times and conditions." *French* v. *French*, 128 Vt. 138, 140, 259 A.2d 778 (1969). And *res judicata*, the doctrine which prevents modification absent changed circumstances, is an affirmative defense. V.R.C.P. 8(c). Defendant's motion to modify, far from denying such changes, affirmatively alleges them. Increased living costs over the five years since the original decree, judicially noticed, might well be ample factual basis for the change ordered by the trial court. Were we able to reach the merits of the revised order, we would have little trouble in affirming.

Two factors, however, preclude that result. The record compels a conclusion that the amendment was inadvertently made, and appellant's motion, designated as one to correct a clerical error under V.R.C.P. 60(a), was improperly denied.

The 1971 order, sought to be modified, provided in paragraph four for support payments "Thirty and 00/100 ($30.00) Dollars each and every week until further order of the Court." From the findings below on the motion to revise it is clear that the court misconstrued the original order, referring to it as one for "30.00 per week per child." This last phrase it carried forward into its amending order; the error is clear and inescapable. We cannot substitute our judgment of what the trial court could, or should, have done.

Appellant's motion, under V.R.C.P. 60(a), would have been brought more appropriately under V.R.C.P. 52(b) as a motion to amend findings and judgment, because the error is something more than clerical. The motion was, in any event, timely

under either rule and fully brought the matter to the attention of the court. Under V.R.C.P. 6(c), although the terms of the trial court had changed in the interim, the motion should have been disposed of by the trial court as constituted when the matter was heard on the merits. See *Pabst* v. *Commissioner of Taxes*, 135 Vt. 266, 376 A.2d 49 (1977). Failure to follow this procedure may well account, at least in part, for the denial of appellant's motion.

*Paragraph V(2) of the order dated August 30, 1976, is stricken; the order is in all other respects affirmed, and the cause is remanded for new hearing on appellant's motion to amend dated June 10, 1976.*