## State of Vermont v. Francis E. Lynch

[409 A.2d 1001]

No. 296-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, J.J.**

Opinion Filed November 21, 1979

M. *Jerome Diamond,* Attorney General, and *Louis P. Peck,* Chief Assistant Attorney General, Montpelier, for Plaintiff.

*Gary D. McQuesten* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant.

**Billings, J.** This case involves an appeal from a declaratory judgment and resulting injunction permanently restraining appellant, Francis Lynch, from exercising the functions of the Commissioner of Public Safety and ordering him to vacate the office.

The appellant occupied the office of the Commissioner of Public Safety from his appointment by the Governor in July, 1977, to a six-year term after confirmation by the Senate, until July 24, 1979, when Governor Richard A. Snelling notified the appellant of his removal. The Governor's removal letter stated as follows: "Pursuant to 3 V.S.A. § 2004, I hereby remove you from the position of Commissioner of the Vermont Department of Public Safety, effective immediately." The appellant nevertheless appeared as usual at work the following day, whereupon the Attorney General sought the declaratory and injunctive relief herein appealed.

It is the appellant's contention that the Governor's power to remove the appellant from the office of Commissioner of Public Safety is subject to the procedural requirements of 20 V.S.A. § 1873, rather than those of 3 V.S.A. § 2004, or in the alternative that, if § 2004 is controlling, removal of the appellant thereunder requires the advice and consent of the Senate. The State argues that 3 V.S.A. § 2004 controls and that it does not require that consent of the Senate be obtained to finalize the Governor's removal order.

3 V.S.A. § 2004 was enacted as part of Act No. 244 of the 1969 Adjourned Session. The Act, which gave the Governor authority to reorganize the executive branch, was part of an overall legislative package dealing with executive reorganization. Of the seven sections of Act No. 244, only the section which became § 2004 was effective from passage. It is cap-

tioned "Terms of governor's appointees" and reads as follows:

> Notwithstanding any other provision of law, all commissioners of state departments and all members of state boards and commissions appointed by the governor shall serve at the pleasure of the governor with the advice and consent of the senate when this provision so applies, but for not longer than the term, if any, for which they were appointed unless reappointed by the governor on the expiration of such term.

On the other hand, the 1947 provision dealing with the removal of the Commissioner of Public Safety, 20 V.S.A. § 1873, requires the following:

> During his term of office, the governor may remove the commissioner upon charges preferred in writing and after hearing, which shall be a public hearing if the commissioner requests the same, upon the following grounds:
>
> (1) Incompetency amounting to failure to perform his official duties competently;
>
> (2) Misconduct in office which shall be construed to include:
>
> (a) failure to be of good behavior;
>
> (b) participation, directly or indirectly, in a political campaign, rally, caucus or other political gathering, other than to vote.

The dispute in this case requires a resolution of the applicability and meaning of each of these statutes.

■■■■ Appellant contends that 20 V.S.A. § 1873 is a specific statute, which predates 3 V.S.A. § 2004, a general statute. If this were the case, this Court would be obliged to apply the rule in *Glabach* v. *Sardelli*, 132 Vt. 490, 321 A.2d 1 (1974), which gives precedence to the specific statute. However, where, as here, there are two statutes upon the same subject which are in irreconcilable conflict, the statute which is the more recent legislative enactment will control, since it is the latest expression of the legislative will. *State* v. *O'Connell*, 135 Vt. 182, 184, 375 A.2d 982, 983 (1977).

■ The phrase "[n]otwithstanding any other provision of law" clearly indicates the legislative intent that 3 V.S.A. § 2004 take precedence over any other enactment dealing with the same subject matter. See *State* v. *Superior Court*, 252 Cal. App. 2d 637, 639, 60 Cal. Rptr. 653, 654 (1967). It is difficult to perceive how the legislature could have more clearly expressed its intention to supersede prior enactments except by the use of express words of repeal. *Sowma* v. *Parker*, 112 Vt. 241, 247, 22 A.2d 513, 516 (1941). 3 V.S.A. § 2004 is irreconcilable with 20 V.S.A. § 1873. It is the more recent enactment and must control.

The appellant conceded on oral argument that the Commissioner of Public Safety heads a department of the State described in 3 V.S.A. § 212(18). It is not disputed that the Commissioner is appointed by the Governor and confirmed by the Senate pursuant to 20 V.S.A. § 1871(b). Nevertheless, the appellant would have this Court read so unequivocal a phrase as "all commissioners" to exclude the Commissioner of Public Safety. There is no compelling reason for us to do so. We have examined the statute and find a literal meaning of the language which certainly supports the interpretation proffered by the State, and nothing which overcomes the presumption that this language was inserted other than advisedly. *State* v. *Racine*, 133 Vt. 111, 114, 329 A.2d 651, 654 (1974).

■■ The phrase "all commissioners . . . appointed by the governor" in 3 V.S.A. § 2004 unmistakably indicates legislative intent that this section should apply to the term of the Commissioner of Public Safety. Where the meaning of the statute is plain, there is no necessity for construction, and the court below was required to follow the statute according to its terms. *Swanton Village* v. *Town of Highgate*, 131 Vt. 318, 325, 305 A.2d 586, 590 (1973). As the court below found, 3 V.S.A. § 2004 is a specific statute giving the Governor power to remove all State commissioners appointed by the Governor with the confirmation of the Senate.

Nevertheless, the appellant contends that the legislative history of 3 V.S.A. § 2004 and other Acts indicates that this provision was intended merely to maintain the status quo with respect to the Governor's power of removal after the crea-

tion of the Governor's cabinet. In support of this interpretation, the appellant asserts that the phrase "when this provision so applies," as used in 3 V.S.A. § 2004, modifies the phrase "all commissioners . . . shall serve at the pleasure of the governor," and asks this Court to presume from it that the legislature was merely addressing the Governor's removal power with respect to cabinet offices created by 3 V.S.A. ch. 43.

This interpretation requires a strained reading of 3 V.S.A. § 2004 and is unsupported by legislative history. Act 244 of the 1969 Adjourned Session has been codified in Chapters 41 and 43 of Title 3. Of all provisions of this Act only section 4 (3 V.S.A. § 2004) was given effect from passage. The effect of all other provisions was delayed. Consequently, this Court must read § 2004 as though none of the reorganization sections were in effect. Reading it in this light the appellant's interpretation is without merit, since under it the removal power would be meaningless prior to the reorganization of the executive branch and formation of the cabinet, despite the immediate effect given it by the legislature.

Therefore, we hold that 3 V.S.A. § 2004 is controlling. It is a specific statute which sets forth the Governor's power to remove the Commissioner of Public Safety. It clearly overrides 20 V.S.A. § 1873, which is in irreconcilable conflict with it.

In the alternative, the appellant contends that 3 V.S.A. § 2004 requires that the Governor obtain the "advice and consent" of the Senate before removing a commissioner from office. By this interpretation, the appellant urges this Court to read the "advice and consent" requirement as a limitation on the Governor's removal power, rather than as a limitation on the terms of the Commissioner's appointment itself. It also asks this Court to ignore the phrase which would seem to say clearly that commissioners "serve at the pleasure of the governor."

■■ In determining the meaning of the advice and consent clause, this Court must look to the intent of the legislature where it can be ascertained. *Conn* v. *Town of Brattleboro*, 120 Vt. 315, 320, 140 A.2d 6, 9 (1958); *Smith & Son, Inc.* v. *Town of Hartford*, 109 Vt. 326, 330, 196 A. 281, 283

(1938). This requires the Court to consider not only the letter of the statute, but, more importantly, its reason and spirit. *Id.* Furthermore, it is to be remembered that "[l]egislatures are not grammar schools; and, in this country at least, it is hardly reasonable to expect legislative acts to be drawn with strict grammatical or logical accuracy." *Whipple* v. *Judge of Saginaw Circuit*, 26 Mich. 342, 344–45 (1873). For this reason, it has long been the rule in Vermont that the construction of a statute should be based on the whole statute. *Simonds* v. *Powers*, 28 Vt. 354, 355 (1856).

Viewing the section as a whole, it is evident that the advice and consent clause is inartfully located. It could, as the appellant urges, be construed to modify the word "serve." But we do not believe that the legislature intended this interpretation. This Court has previously stated that when a statute grants the Governor unqualified discretionary removal power, the appointee serves "at the pleasure" of the Governor. *Emerson* v. *Hughes*, 117 Vt. 270, 282, 90 A.2d 910, 917 (1952); *McFeeters* v. *Parker*, 113 Vt. 139, 142, 30 A.2d 300, 303 (1943). In light of this settled interpretation of the phrase "at the pleasure," it would be inconsistent to construe § 2004 so as to render this phrase meaningless.

Moreover, it is apparent from the caption of § 2004 that it was intended as a limitation on the term of the Governor's appointees. This caption is relevant in determining the legislative intent. *Conn* v. *Town of Brattleboro, supra,* 120 Vt. at 321, 140 A.2d at 9. It is essential that the construction of the section in light of the intention indicated by the caption not render the act ineffective or lead to irrational consequences. *Audette* v. *Greer*, 134 Vt. 300, 302, 360 A.2d 66, 68 (1976). To construe the advice and consent clause as a limitation on the Governor's powers of removal would render the provision ineffective as a limitation on the term of the Governor's appointees and lead to the conclusion that the phrase setting the term of appointees "at the pleasure of the governor" is meaningless.

We hold that the advice and consent clause imposes no limitations on the power of the Governor to remove a commissioner. Rather, it merely classifies the types of appointments by the Governor to which § 2004 applies. Accordingly,

the minimum term of such appointees is "at the pleasure of the governor."

It is apparent that the Governor correctly interpreted his powers of removal. The Governor has the power under 3 V.S.A. § 2004 to remove the Commissioner of Public Safety at his pleasure. The judgment below was without error.

*Affirmed.*