### Thomas Riffon v. William H. Conway, Commissioner of Motor Vehicles

[415 A.2d 241]

No. 265-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 23, 1980

*Elliot M. Burg,* Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *James E. Hirsch,* Assistant Attorney General, Montpelier, for Defendant.

**Daley, J.** Plaintiff appeals the granting of summary judgment for defendant in this action to declare whether the Department of Motor Vehicles (D.M.V.) is required to issue uncertified copies of its records at cost. Plaintiff was involved in a separate civil action, in which he needed two individual accident reports and one state police report from the records of the D.M.V. for the purpose of answering interrogatories. Plaintiff, by telephone, requested uncertified copies of these documents at cost, but the D.M.V. refused this request because its policy, based on certain statutes, was to issue only certified copies of these documents at the cost mandated in 23 V.S.A. § 114(7) and (8). Plaintiff brought this separate action for an injunction and a declaration that the D.M.V. policy of refusing to issue uncertified copies is unlawful under 1 V.S.A. §§ 315–320. Pursuant to an agreement between the parties, plaintiff placed the full amount requested by the D.M.V.—$13.50—in escrow with the superior court, in exchange for receipt of the requested documents. Although the original civil action has long since been settled, thus mooting the need for the documents, the difference, approximately $12, between $13.50 and the actual cost of the copies remains a burning issue which plaintiff's attorney has pursued all the way to this Court at a truly disproportionate cost in time, energy and money.

Section 104 of Title 23, entitled "Public Records," provides in full:

> All matters pertaining to the registration of motor vehicles, licensing of operators and registration of dealers, all original accident reports, and the records showing suspension and revocation of licenses and registrations shall be deemed official and public records, and shall be open to public inspection at all reasonable hours. The commissioner shall furnish certified copies of such records to any person interested therein on payment of such fee as he shall deem reasonable.

Section 114 of the same title provides in part:

> The commissioner shall be paid the following fees for miscellaneous transactions:
>
> . . . .
>
> (7)  Certified copy individual accident report       $3.00
> (8)  Certified copy state police accident report       7.50

Plaintiff, on the other hand, relies on the following provisions of 1 V.S.A. § 316 to establish his right to an uncertified copy at cost:

> (a)  Any person may inspect or copy any public record or document of a public agency . . . .
>
> (b)  If a photocopying machine or other mechanical device maintained for use by a public agency is used by the agency to copy the public record or document requested, the person requesting the copy may be charged the actual cost of providing the copy, which cost may be collected by the public agency. Nothing in this section shall exempt any person from paying fees otherwise established by law for obtaining copies of public records of documents. . . .

We note at the outset that whether plaintiff can inspect these records, and whether he could make handwritten notes as to any or all of the information contained in these records, are not the issues here. The sole issue is whether the D.M.V.'s policy of issuing only certified copies is consistent with the above-cited statutes.

The only statutes authorizing the Commissioner of Motor Vehicles to issue copies of these specific documents are sections 104 and 114 of Title 23. Both of these statutes specify that the copies issued shall be certified, and that certain prices shall be charged. In the face of such specific statutes, the general statutes in Title 1 must give way. *Glabach* v. *Sardelli,* 132 Vt. 490, 496, 321 A.2d 1, 5 (1974). Furthermore, although 23 V.S.A. § 104 predates 1 V.S.A. § 316, the fee schedule specifying certified copies in 23 V.S.A. § 114 was enacted after 1 V.S.A. § 316, and therefore constitutes "the latest expression of the legislative will." *State* v. *Lynch,* 137

Vt. 607, 610, 409 A.2d 1001, 1003 (1979). Accordingly, the D.M.V.'s policy is consistent with its legislative mandate.

*Judgment affirmed.*

Billings, J., dissenting. It is clear that if one requires a certified copy of an accident report or a state police report 23 V.S.A. § 114 establishes the required fee. However, neither 23 V.S.A. § 104 nor 23 V.S.A. § 114 mandates that the Commissioner of Motor Vehicles provide only certified copies of these documents, and it is beyond my comprehension how the majority can stretch these statutes to reach this result. 1 V.S.A. § 316(b) clearly indicates that the fee for an uncertified public record (a mere copy of a public record) shall be its actual cost. The statutory policy of the access to public records law, 1 V.S.A. §§ 315–320, is that it should be liberally construed to preserve for the public the right to inspect and/or obtain copies of public records at a minimum cost. The legislature has mandated this, and the majority, by subterfuge and an improper interpretation of the three statutes involved, has avoided this result. The plaintiff is entitled to obtain an uncertified copy of the pertinent reports at cost. I would reverse the judgment below and remand so that the court could determine the actual cost of the eight pages here involved which the plaintiff obtained.