VILLAGE OF SWANTON v. TOWN OF HIGHGATE.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 7, 1908.

*Municipal Corporations—Taxation—Exempt Property—Property "Devoted to Public Use"—Electric Light Plant—Furnishing Light to Inhabitants—Lighting Other Villages—Merging Taxable and Exempt Property—Effect.*

Where an incorporated village was authorized by its charter to maintain an electric light plant to light its streets and public places,

such property was devoted to a public use within the meaning of the sixth subdivision of P. S. 496, declaring that property so devoted shall be exempt from taxation.

A municipal corporation possesses only such powers as are expressly granted, or implied because necessary to carry into effect such as are expressly granted.

Section 31 of a village charter, as amended, authorized the village to borrow money to defray the expense of installing electric lights and purchasing the power necessary therefor, or otherwise lighting the village. Section 32, authorizing the village to light its streets by electricity or otherwise, was amended by conferring the authority to light the streets by electricity or otherwise, and to furnish water, electric lights, and electric power to persons residing without the corporate limits of the village. *Held*, that the charter as amended, gave the village neither express nor implied power to furnish its inhabitants with electric lights for private use, and, therefore, that the part of its plant devoted to that use was taxable. *Stiles* v. *Village of Newport*, 76 Vt. 154, distinguished.

It cannot be held that the electric power and property of the village are no more than necessary for its own use, having reference to its propective needs, and that the further use in furnishing its inhabitants with electric lights should be treated as incidental, for there is no finding on that point, as to which the burden is on the village, since the latter use was without legislative authority.

Where an incorporated village had statutory authority to maintain an electric light plant to light its streets, but had no such authority to furnish electric lights to its inhabitants, and part of the plant devoted to the latter use and subject to taxation by the town in which it was located was, by the act of the village, so merged in the part devoted to the public use and not taxable, that it could not be separated, the whole plant was taxable.

That part of a village's electric light plant used to furnish electric light to other villages is not property devoted to a public use within the meaning of the sixth subdivision of P. S. 496, declaring that property so devoted shall be exempt from taxation.

GENERAL ASSUMPSIT for taxes paid under protest. Plea, the general issue. Trial by court at March Term, 1907, Franklin County, *Haselton*, J., presiding. The court held all the property in question to be subject to taxation and entered judg-

ment for the defendant to recover its costs. The plaintiff excepted. The opinion states the case.

*Eugene A. Ayers* for the plaintiff.

Plaintiff's electric light plant is property "devoted to a public use," and so exempt from taxation. Am. & Eng. Enc. 1063; *Olmstead* v. *Camo*, 33 Conn. 551; *Concord R. Co.* v. *Grady*, 17 N. H. 47; *Tiedman .Mun. Corp.* §144a, p. 255; *Oweensburg Electric Co.* v. *Hildebrand*, 19 Ky. L. Rep. 983; *Cincinnati etc. Co.* v. *Bowling Green*, 57 Ohio St. 336; *Hollister* v. *State*, 9 Idaho 8; *Stiles* v. *Newport*, 76 Vt. 170; *Dillon's Mun. Corp.* §741, (3rd Ed.); *U. S.* v. *City of New Orleans*, 98 U. S. 381; *Loan Assn.* v. *Topeka*, 20 Wall. 660; *Drew* v. *Davis*, 10 Vt. 506; *Johnson* v. *Colburn*, 36 Vt. 693.

*D. W. Steel* and *H. C. Royce* for the defendant.

"When the municipality undertakes, as it always does when it establishes and operates its own lighting plant or waterworks, to supply private consumers in their private houses, the municipal government is without doubt engaged in a private business," etc. *Maudlin* v. *City Council of Greenville*, 33 S. C. 1; *Spaulding* v. *Town of Peabody*, 153 Mass. 129; *Western Savings Fund Society* v. *City of Philadelphia*, 31 Pa. St. 175; *Co. of Erie* v. *Comrs. of Water Works*, 113 Pa. St. 368; *Louisville* v. *Com.*, 1 Duvall, 295; *Com.* v. *Makibben*, 90 Ky. 384; *Clark* v. *Water Co.*, Ibid. 515; *City of Covington* v. *Com.*, 39 S. W. R. 836; *Com.* v. *City of Louisville*, 47 S. W. R. 865; *City of Newport* v. *Com.*, 50 S. W. R. 845; *Negley* v. *City of Henderson*, 55 S. W. R. 554; *City of Toledo* v. *Hosler*, 10 Ohio Cir. Ct. Rep. 257; *Cincinnati* v. *Lewis*, 66 Ohio St. 49; *Brodie* v. *Fitzgerald*, 57 Ark. 445; *School Dist.* v. *Howe*, 62 Ark. 481; *School Dist.* v. *Board of Improvement*, 65 Ark. 343.

"Implied exemptions should not be extended to property which is not held or used for municipal or governmental purposes." *San Diego* v. *Linda Vista Irrigation District*, 108 Cal. 189; *Essex County* v. *Salem*, 153 Mass. 141; *Bailey* v. *Mayor, etc. of N. Y.*, 3 Hill 531; *Detroit* v. *Corey*, 9 Mich. 165.

For uses part public and part private, land cannot be condemned under the right of eminent domain, so such uses are not "public." *Minnesota Canal etc. Co.* v. *Koochiching Co.,* 5 L. R. A. 638; *Chicago etc. Co.* v. *Galt,* 133 Ill. 657; *Gaylord* v. *Sanitary Dist.,* 204 Ill. 585; *Coates* v. *Campbell,* 37 Minn. 498; *Re Stewart,* 65 Minn. 516; *Harding* v. *Goodlett,* 3 Yerg. 41. In any event, only such portion of this property as was reasonably necessary to the public use to which it was put would be exempt from taxation. *Town of West Hartford* v. *Board of Water Comrs.,* 44 Conn. 360; *Newark* v. *Township of Clinton,* 49 N. J. L. 370.

It will be found in every reported case where property was held exempt from taxation, though located without the limits of the municipality owning the property, that the property had been acquired by express authority of law, either by a general or a special statute. *People ex rel. Mayor* v. *Assessors of Brooklyn,* 111 N. Y. 505; *City of Rochester* v. *Town of Rush,* 80 N. Y. 302; *Newport* v. *Unity,* 68 N. H. 587; *Stiles* v. *Newport,* 76 Vt. 154.

"A use is not public unless the public, under proper police regulation, has the right to resort to the property for the use for which it is acquired, independently of the mere will or caprice of the person or corporation in which the title of the property would vest upon condemnation." *Board of Health* v. *Van Hoesen,* 87 Mich. 533; *Varner* v. *Martin,* 21 W. Va. 548; *Fallsburg Power etc. Co.* v. *Alexander,* 101 Va. 98; Lewis Em. Domain, §165; *Re Barre Water Co.,* 62 Vt. 27; *Avery* v. *Vermont Electric Co.,* 75 Vt. 235; *Tyler* v. *Beacher,* 44 Vt. 648.

ROWELL, C. J.    This is assumpsit for money paid under protest for taxes assessed by the defendant in 1905 on the plaintiff's water power on the falls of the Missisquoi River, known as Highgate Falls, land connected therewith, a sawmill and a gristmill thereon, and an electric light plant and wires, all situate in the defendant town, and owned and operated by the plaintiff. The village was incorporated by No. 252, Acts of 1888, sec. 31 of which authorized it to borrow money, among other purposes, "to defray the expense of putting in electric lights, and purchasing the necessary power for same in said village," and to issue its bonds or notes therefor. Sec. 32 au-

thorized it, among other things, ''to light the streets of said village by electric lights or otherwise as said village may elect.'' Sec. 31 of the charter was amended by No. 93, Acts of 1890, whereby the authority was continued to borrow money, and in a larger amount, among other purposes, ''to defray the expense of putting in electric lights and purchasing and providing the necessary power for the same, or of otherwise lighting said village.'' Sec. 32 of the charter was amended by sec. 2, Acts of 1894, whereby the village was authorized, among other things, ''to light the streets of the village by electric lights or otherwise as the village may elect; and to furnish water, electric lights and electric power to parties residing without the corporate limits of the village,'' on such terms as the parties agreed.

The plaintiff claims that said property was exempt from taxation because used for a public use within the meaning of the statute exempting property thus used.   Pub. Sts. 496, VI. The property was then used, and is still used, to light the plaintiff's streets; to supply its inhabitants and their public buildings with lights; to light the streets and supply the inhabitants and the public buildings of that part of the physical village of Swanton that is without the corporate limits of the plaintiff, and within the town of Swanton; and in like manner, to light the streets and supply the inhabitants of the villages of Highgate Center and Highgate Falls in the town of Highgate.

The defendant contends generally, and apart from any of the characterizing features of this case, that the ownership and use of property by a municipality for the purpose of generating and furnishing electric light, to light its streets and public places, and to supply lights to its inhabitants,—is not a public use within the meaning of the statute that will exempt the property from taxation.

This proposition takes no note of legislative authority, whether present or absent.   If present, it is one thing; if absent, it is quite another thing.   It being present here as far as the plaintiff's use for its own purpose is concerned, we have no doubt that that use is a public use within the meaning of the statute, for it is distinctively a public service, as it benefits the people, conserves the public peace, and protects both persons and property, for darkness invites disorder and encourages crime.   And besides, it is, and for a long time has been, the

custom of the country to light the streets and public places of cities and populous villages at the public expense, and courts must have regard to this course and usage of government, and to the objects for which taxes have been levied by a long course of legislation, and what objects and purposes have been considered necessary to the support, and for the proper use, of the government, whether state or municipal; and whatever lawfully pertains to this, and is sanctioned by time and the acquiescence of the people, may well be held to belong to the public use, and proper for the maintenance of good government, though this may not be the only test of rightful taxation. *Loan Association* v. *Topeka,* 20 Wall. 655, 665; *Cooley's Const. Lim.,* 6th ed., 655; *Bennington* v. *Park,* 50 Vt. 178, 193; *Opinion of the Justices,* 150 Mass. 592, 18 L. R. A. 487. As to furnishing lights to plaintiff's inhabitants, it is to be noticed that the charter does not expressly authorize it. But the plaintiff claims that the amendment of 1890 impliedly authorizes it, for that its language is different and broader in scope than the language of the charter or of the amendment of 1894, and that it is as consistent to construe the amendment of 1890 as granting the right to furnish the inhabitants as to light the streets, as the former use is, in a measure, public as well as the latter; and that from the fact that by the amendment of 1894 the right was given to furnish lights and power only to parties residing without the plaintiff's limits, it would seem that the Legislature construed its former grant, and considered it sufficient to authorize the plaintiff to furnish its own citizens, else it would have given that right in that amendment.

But the language of the amendment of 1890 concerning this matter is practically identical with that of the section that it amends, except it adds, "or otherwise light said village"; and these words it borrows from sec. 32 of the charter, where they are a part of the authority granted to light the streets, and to which authority they exclusively relate. The obvious purpose of that amendment was to enlarge the borrowing power of the village; to give it authority to construct sewers and .drains; and to prescribe how its bonds and notes should be executed, and what record should be kept of them; for this is all there is new in it. It cannot be said that this amendment enlarges by implication the express grant of the charter in this

respect, for it is settled law that municipal corporations possess only such powers as are expressly granted, or implied because necessary to carry into effect such as are expressly granted— *Barnett* v. *Denison,* 145 U. S. 135,— and here there is no such necessity, for the village can light its streets effectually with-out furnishing lights to its inhabitants. This also answers the suggestion that the Legislature construed its grant as sufficient for the latter purpose because it did not embody an express grant to that effect in the amendment of 1894. -

It must be held, therefore, that the plaintiff has no charter authority to furnish its inhabitants with light and power, and it is not claimed, and cannot well be, that the general law gives it that authority.

It follows, therefore, the plaintiff having no legislative au-thority to furnish its inhabitants, and owing them no corporate duty in that regard, that their use is a private use and not a public use, unless it is, in effect, made public as being an in-cident of a use that is public, namely, the use for street lighting, which, the plaintiff says was the primary purpose of acquiring the property at all, and that the use by its inhabitants is merely incidental and subservient to that use, and as that use is pub-lic, the other is so in effect, as the incident follows the prin-cipal. But the domestic use is not an incident of the public use in the ordinary sense of that term, for the domestic use is not characteristically nor naturally dependent upon nor connected with the public use as its principal, but is dependent upon and connected with it only artificially and mechanically. Indeed it would seem that the domestic use is quite as much the prin-cipal thing as the public use, for the village service consists of nineteen arc lights, while the service of its inhabitants consists of 3,117 incandescent lights, which have a considerable larger lighting capacity than the arc lights, as those lights are usually powered; and in point of worth and revenue the difference is much greater, for while the worth of the arc lights to the vil-lage is only from $800 to $900 a year, the revenue divided from its inhabitants averages $4,150 a year, and from all sources it derives a revenue of something over $6,000 a year. And further, what we said in *Stiles* v. *Newport* about the vil- . lage furnishing water to its inhabitants is applicable here, namely, that when all are served through the same system, it

is difficult to say that one is incident to the other in any other sense than that the common supply is available for either use according as the demand is made. There it was held that the furnishing of water by a municipality to its inhabitants for domestic purposes is a public use within the meaning of the statute of exemptions. But there the village was authorized by its charter to furnish water for domestic and other purposes to persons and corporations both within and without its limits, and therein lies the difference in this respect between that case and this, in which the plaintiff has no such authority within its own limits.

Nor can we say, as was said of the village in that case, that the plaintiff's power and property are no more than necessary for its own use, having reference to its prospective needs, and that any further proper use of it would be treated as incidental, for here the burden is on the plaintiff as to that, as it was not on the village in the Newport case, and there is no finding on that point; but on the findings that are made, the indication is rather that the power and property are more than are needed, for the village has installed, and is supplying, over 4,000 incandescent lights in all, and three arc lights besides its own, having probably in the aggregate, double the candle power of the plaintiff's lights.

It cannot be held, therefore, that the use of plaintiff's inhabitants is incidental to its use in any sense that will make it partake of that use. The same is true of the use in the unincorporated part of Swanton village, as the case stands, however it might be in other circumstances.

It remains to consider whether any and what part of the plaintiff's property was exempt from taxation. It is clear on the authority of the Newport case that that part of it that lights the villages in Highgate and their inhabitants was not exempt. It stands like the branch pipes and hydrants in that case that supplied the village of West Derby and its inhabitants. It is also clear that the two mills were taxable. The plaintiff derives considerable revenue from them by way of rentals and its own operation, and they can never be utilized for electric lighting.

The rest of the property was put to a mixed use, partly public and partly private, with no way of telling how much

was put to either use, and therefore the whole was taxable; for the plaintiff created the situation, and thereby rendered it impossible for the defendant to apportion the property between the uses, and it had to tax all if it taxed any, and the plaintiff cannot say, as it does, that because more was taxed than was put to private use, the tax is void, for that would be allowing it to take advantage of its own wrong.

*Judgment affirmed.*