# Dean Hall v. Pilgrim Plywood Corporation

[227 A.2d 285]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*William T. Keefe* for plaintiff.

*Black, Wilson & Hoff* for defendant.

**Holden, C.J.** This is an action to recover for personal injuries sustained by the plaintiff during his infancy in 1944. The defendant moved to dismiss the cause, challenging jurisdiction on the contention that the defendant is not a legal entity since the corporation was legally dissolved August 24, 1962. A certificate of dissolution, filed in the office of the secretary of state, as provided in 11 V.S.A. §531, was presented in support of the motion.

The motion to dismiss was denied. The defendant has appealed with permission, before trial. The question to be determined is the plaintiff's right to maintain the action more than three years after the corporation has been dissolved.

Although the corporation was dissolved under §531, *supra,* the defendant relies on the provisions of 11 V.S.A. §491 to defeat the action. This section provides:

> A corporation whose charter or articles of association expire by their own limitation, or are annulled by forfeiture or otherwise, shall continue a body corporate for three years to enable it gradually to close its affairs, to dispose of and convey its property, to divide its capital stock, and to prosecute or defend suits until such suits or the subject-matter thereof are fully disposed of, but not for the purpose of continuing the business for which it was established.

There are other kindred statutes, each of different origin prescribing varying procedures to accomplish dissolution of domestic corporations. 11 V.S.A. §491, upon which the defendant relies, is of early origin and appears in the first general revision of the statutory laws after 1797. R.S. 79 §17.

The three year period of grace extended to corporations, whose charters have expired or been forfeitured, under section 491, is in the nature of an administration upon a decendent's estate. *Foster v. President and Directors of the Essex Bank,* 16 Mass. 245, 273.

The section which follows bears this out by its provision for the appointment of a receiver by a court of chancery to administer the corporate estate. 11 V.S.A. §492 (R.S. 79 §18) ; *Dewey* v. *St. Albans Trust Co.,* 56 Vt. 476, 484.

At the time of this enactment a forfeiture of a corporate charter required a judicial determination of the issue in an action for that purpose or a formal surrender by the corporation and an acceptance by the government which granted the franchise. Otherwise, the date of dissolution was uncertain. See *Brandon Iron Co.* v. *Gleason,* 24 Vt. 228, 238. Obviously the lawmakers did not have in mind a dissolution under 11 V.S.A. §531, upon which the defendant acted, for this method of dissolution was not available at that time.

The origin of this section and that of 11 V.S.A. §532 was in the tax law, and for a different purpose. It came into being with the imposition of the license tax assessed against corporations in 1902. 1902, No. 20 §§57 and 58.

To alleviate the severe penalty provided in section 7 and compulsory dissolution by judicial action at the instance of the commissioner of taxes in section 56, it was provided—"Every corporation organized under the laws of Vermont may render itself exempt from further payment of the annual license tax," by filing the sworn statement and following the procedure established in the present statute, 11 V.S.A. §531.

With the inauguration of the corporate income and franchise tax, the reference to exemption from the license tax was eliminated to provide :

§531. Procedure

A domestic corporation may dissolve its charter or articles of association by filing with the secretary of state a statement signed by the commissioner of taxes or his designated agent evidencing the fact that all obligations of such corporation under the Vermont income and corporate franchise tax laws have been satisfied in full and a sworn statement, setting forth that the obligations of such corporation to its creditors have been discharged by operation of law or otherwise, that all of the assets of such corporation remaining after the discharge of its obligations to creditors have been apportioned among its stockholders or members according to their respective rights, that claims or demands do not exist against

such corporation, and that such corporation is not the owner of real or personal estate located within this state or elsewhere. Such statement shall be subscribed and sworn to by the president and secretary, or any two directors or trustees of such corporations elected at the last regular election of officers by such corporation, and shall definitely set forth the official position of each person subscribing the same—Amended 1959, No. 112 §1, eff. April 15, 1959.

(1959 amendment. Amended V.S. 1947 §5852, as amended, by adding requirement for statement signed by commissioner of taxes evidencing payment of taxes, and omitting requirement for filing sworn statement with commissioner of taxes.)

This effect of the filing of the statement by the corporate officers has remained unchanged from the original enactment in 1902.

§532. Further transaction of business prohibited

A corporation causing the statement signed by the commissioner of taxes or his designated agent and the sworn statement mentioned in section 531 of this title to be filed with the secretary of state as therein set forth shall not thereafterwards, in this state or elsewhere, conduct or transact any corporate business nor possess any corporate functions except in case proceedings are instituted against such corporation by creditors, stockholders or members and then only for the purpose of adjusting the rights of such creditors, stockholders or members; and such corporation and all rights and privileges existing thereunder, except as set forth in this section, shall cease to exist. (1902 No. 20 §58.)

At the time the defendant elected to wind up its corporate affairs it could have resorted to a judicial dissolution by a bill of complaint to a court of chancery under 11 V.S.A. §511. In the course of such proceedings the rights of creditors and stockholders are afforded special protection by way of notice, time for presentation of claims and opportunity for hearing as the court may direct. In that event all claims of creditors not filed or sued upon within the time limited are released and barred against the corporation, its officers and stockholders, but without affecting a claimant's right against another person who might be liable on the claim. 11 V.S.A. §514.

The procedure adopted by the defendant was by unilateral action, involving only the filing of the statement specified in 11 V.S.A. §531.

Resort to this statute avoided the necessity of judicial proceedings. It also removed the protection, afforded by the bar against claims not filed, under section 514.

. [4] A corporation dissolved by this procedure is enjoined from further corporate functions "except in case proceedings are instituted against such corporation by creditors, stockholders or members." In that event the life of the corporation continues, but only for the purpose of adjusting these rights. 11 V.S.A. §532.

▋▋ In the construction of the statutes involved in this appeal the commanding consideration is the intention of the Legislature. To discover the legislative purpose, the history of the enactment and the trend of recent legislation on the subject afford competent direction to the search. *Conn* v. *Town of Brattleboro,* 120 Vt. 315, 320, 140 A.2d 6; *In Re Walker Estate,* 112 Vt. 148, 152, 22 A.2d 183; *In Re Fulham's Estate,* 96 Vt. 308, 314, 317, 119 Atl. 433.

▋ Although our statutes contain varying provisions and methods on the subject of dissolution of corporate entities, they reach different circumstances which might attend the termination of different corporations. Despite variation in language and time of enactment, each bears the dominant theme that corporate liabilities, whether in contract or in tort, are to be fulfilled. And the rights of those concerned by the dissolution, whether creditors or stockholders, are to be protected.

▋ We are not persuaded that the Legislature, in granting a corporation the privilege of dissolution at the pleasure of its officers, intended to confer the additional advantages, at the end of three years, of dissolving its corporate liabilities. See *City of New York* v. *South Brooklyn Ferry and Steamship Co.,* 231 N.Y. 18, 131 N.E. 554, 556, 16 A.L.R. 1059. Such a construction would run counter to prevailing statutes and established rules of law relating to the limitation of actions.

Aside from fundamental considerations, there is another reason why the motion to dismiss was properly denied. Dissolution under 11 V.S.A. §531 required that the sworn statement of the corporate officers be accompanied by a statement of the commissioner of taxes, or his representative, to evidence the fact that all obligations of the

corporation under the Vermont income and corporate franchise tax laws have been satisfied. The certificate of dissolution exhibited with the motion to dismiss this action bears no statement to this effect by the tax department.

*Order denying the defendant's motion to dismiss is affirmed and cause remanded.*