## Swanton Village v. Town of Highgate

[305 A.2d 586]

No. 163-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed May 22, 1973

*W. Jay Chaffee, Esq.*, Swanton, for Plaintiff.

*Lawrence A. Wright, Esq.*, of Gravel & Shea, Burlington, for Defendant.

**Daley, J.** This appeal centers on the construction of 32 V.S.A. § 3659 which reads as follows:

"Land and buildings of a municipal corporation, whether acquired by purchase or condemnation and situated outside of its territorial limits shall be taxed by the municipality in which such land is situated. Said land shall be set to such municipal corporation in the grand list of the town or city in which such real estate is located at the value fixed in the appraisal next preceding the date of acquisition of such property and taxed on such valuation. The value fixed on such property at each appraisal thereafter shall be the same per acre as the value fixed on similar property in the town or city. Improvements made subsequent to the acquisition of the land shall not be taxed; except that an additional tax not to exceed seventy-five per cent of the appraisal of the land may be levied in lieu of a personal property tax."

The plaintiff, a Vermont municipal corporation, owns and operates a municipal electric utility system. The system's hydroelectric generating plant and a large part of its transmission and distribution plant are located in the defendant town. The land, upon which is located the aforementioned portions of the electric utility system lying in the defendant town, was acquired by the plaintiff in the early 1900's, and these portions of the system were erected since the date of acquisition of the land. See *Village of Swanton* v. *Town of Highgate,* 81 Vt. 152, 69 A. 667 (1908).

On April 1, 1970, the listers of the defendant town appraised the above-mentioned property located within the defendant town at the sum of $1,640,000 for local tax purposes. The resulting tax liability on that property was $61,500 subject to a four per cent discount of $2,460 if paid before November 28, 1970. On November 27, 1970, the plaintiff made payment of $59,040 to the defendant under protest. The plaintiff took an appeal to the board of civil authority of the defendant town, but the appraisal by the listers was sustained by the board.

On April 7, 1971, the plaintiff appealed the decision of the board of civil authority of the defendant town to the then Franklin County Court of Chancery. The plaintiff challenged the appraisal of its property located within the defendant town. The plaintiff also asserted that the defendant town had

failed to allow the tax exemptions to which the plaintiff was entitled under 32 V.S.A. § 3659, in that the defendant's listers failed to exclude the improvements made on the land of the plaintiff since acquisition of that land lying within the defendant town.

Prior to hearing, the parties stipulated to the fair market value of the following taxable property:

10.3 miles of transmission lines within the Town
of Highgate ............................................................ $85,000
Distribution lines in Highgate ................................ $78,000
Personal property at hydroelectric plant ................ $ 1,000

In his findings of fact, the chancellor found that the correct valuation of all the plaintiff's real estate and personal property within the defendant town as of April 1, 1970, was $1,190,495. The chancellor also found that although the improvements made on the land of the plaintiff located in the defendant town after the effective date of No. 17 of the Public Acts of 1949 (the predecessor of 32 V.S.A. § 3659), being May 5, 1949, were not taxable, "the defendant may collect an additional tax from the plaintiff in lieu of a personal property tax, which additional taxes shall not exceed seventy-five per cent of the appraisal of the land." The chancellor went on to find that the appraisal of the land in question was $125,000. This sum included the fair market value of the land, water power privileges, and flowage rights.

In finding no. 18, the chancellor found:

> "If plaintiff's property tax rate for 1970 was levied against the full fair market value of plaintiff's property in the sum of $1,190,495, it would be less than seventy-five per cent of the appraisal of plaintiff's land. Therefore, this Court holds that the defendant may levy a tax against the plaintiff which is equivalent to the property tax computed on the fair market value of plaintiff's property."

Prior to the chancellor issuing an order of judgment, both parties stipulated that the chancellor consider the payment of the plaintiff's 1971 property taxes to the defendant town under protest in reaching his decision.

The chancellor in his judgment order decreed that the correct valuation of the plaintiff's taxable real estate and personal property situated within the limits of the defendant town for both the years of 1970 and 1971 to be $1,190,495 instead of the lister's appraisal of $1,640,000, and ordered appropriate refunds for the excess taxes paid by the plaintiff in the years of 1970 and 1971 accordingly.

Both parties appealed from the judgment order of the chancellor to this Court. They do not contest the valuation placed upon the plaintiff's taxable property located in the defendant town, but they both find fault with the chancellor's construction of 32 V.S.A. §.3659 as applied specifically to the plaintiff's property.

The plaintiff claims that under 32 V.S.A. § 3659 all of its improvements are not taxable; this statute contemplates only that an additional tax may be computed on the value of the personal property actually present in the defendant town. The defendant, on the other hand, does not question the plaintiffs' interpretation of this statute that improvements are not taxable; it urges, however, a construction allowing the imposition and collection from the plaintiff of a tax not to exceed seventy-five per cent of $125,000, being the appraisal of the land, entitling the defendant to a sum of $93,750. Since the sum collected as taxes from the plaintiff did not exceed this amount in each of the years 1970 and 1971, the defendant claims that the court was in error in ordering a refund to the plaintiff. Under the divergent claims of construction made by the parties, we are called upon to determine the true meaning of 32 V.S.A. § 3659.

The fundamental rule in the construction of statutes is to ascertain and give effect to the intention of the legislature. *Verrill* v. *Daley,* 126 Vt. 444, 446, 236 A.2d 238 (1967); *Reed* v. *Allen,* 121 Vt. 202, 206, 153 A.2d 74 (1959). To discover the legislative purpose, the history of the enactment and the trend of recent legislation on the subject afford competent direction to the search. *Hall* v. *Pilgrim Plywood Corp.,* 126 Vt. 224, 228, 227 A.2d 285 (1967); *Conn* v. *Town of Brattleboro,* 120 Vt. 315, 320–22, 140 A.2d 6 (1958).

■ It is contrary to the policy of this State to subject its own property or that of its municipalities, which is devoted to a public use, to a general property tax, absent the most positive legislative enactment. *In re Estate of Taft,* 110 Vt. 266, 273, 4 A.2d 634, 120 A.L.R. 1382 (1939); *In re Downer's Estate,* 101 Vt. 167, 174, 142 A. 78 (1928). See also *Stiles* v. *Village of Newport,* 76 Vt. 154, 56 A. 622 (1904); *cf. Village of Swanton* v. *Town of Highgate, supra.*

In 1912, the legislature provided the positive legislative enactment which resulted in the taxation of lands owned by a municipal corporation outside of its territorial limits. No. 38 of the Public Acts of 1912. This legislation, however, retained an exemption on reservoirs and aqueducts and any apparatus, machinery or improvements connected with their maintenance or operation.

The legislature, in later sessions, reaffirmed its intent to allow the taxation of land owned by a municipal corporation outside its territorial limits by the municipality in which such land is situated, but it expanded the aforementioned exception on property used for certain municipal activities to include sewage plants and sewers and apparatus, machinery or improvements connected with their maintenance or operation. See No. 19 of the Public Acts of 1937, and No. 13 of the Public Acts of 1943.

In 1949, the issue of the taxation of the property, including land, owned by municipal corporations outside of their territorial limits by the municipality in which such land is situated again was before the legislature. House Bill 58 was passed in the House of Representatives and was sent to the Senate allowing for the taxation of such lands and also including buildings thereon at their full assessed value, except that machinery, improvements and apparatus appertaining to a water supply system shall be taxed at fifty per cent of its assessed valuation. Vermont House Journal, 1949, at 205–06.

The Senate did not approve of the taxation of improvements made after the acquisition of land by a municipal corporation outside of its territorial limits. Therefore, it amended the bill to read partially as follows: "Improvements made subsequent to the acquisition of the land shall not be taxed." Thus, House Bill 58 was returned to the House of Representatives as amended. Vermont Senate Journal, 1949, at 358, 362. The

House of Representatives refused to concur with the Senate proposal of amendment, and a committee of conference was appointed. Vermont House Journal, 1949, at 568; Vermont Senate Journal, 1949, at 419.

The committee of conference offered a compromise to both the House of Representatives and the Senate which provided the following formula: "Improvements made subsequent to the acquisition of the land shall not be taxed; *except that an additional tax not to exceed, seventy-five per cent of the appraisal of the land may be levied in lieu of a personal property tax.*" (Emphasis added.) Vermont Senate Journal, 1949, at 514; Vermont House Journal, 1949, at 630. Both houses of the legislature agreed to this compromise, and House Bill 58 became law as No. 17 of the Public Acts of 1949.

In the taxation of real property, the tax appraisal is usually measured by the market value of the land together with its improvements as a whole. *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 143–44, 300 A.2d 891 (1973). However, in reaching a compromise between the intent of the House of Representatives to tax all improvements to the land owned by municipal corporations and the intent of the Senate not to tax improvements made subsequent to the acquisition of such land, the legislature separated the tax levied on the land and the tax levied on improvements.

Hence, under 32 V.S.A. § 3659, the land of the plaintiff is to be taxed by the defendant at its full appraised value. Improvements made subsequent to the acquisition of the land by the plaintiff shall not be taxed by the defendant; however, the defendant could impose an additional tax on seventy-five per cent of the appraisal of the plaintiff's land, but it could not impose any additional tax which would exceed this amount. The defendant, by imposing this additional tax in lieu of a personal property tax, may not tax the plaintiff's personal property located within its territorial limits, stipulated to be valued at $1,000. See generally *State* v. *P.K.M. Electric Co-operative,* 242 Minn. 404, 65 N.W.2d 871 (1954).

In this case, if no exemption was allowed for the improvements on the plaintiff's land located within the defendant town, the tax imposed on these improvements by the defendant would exceed the amount provided for in the formula set

forth in the last sentence of 32 V.S.A. § 3659. Therefore, the additional tax which the defendant is able to impose on the plaintiff is limited to a tax computed upon seventy-five per cent of the appraisal of the plaintiff's land lying in the defendant town applying the usual statutory methods of determining an *ad valorem* tax on property.

The defendant, in its brief, argues that under 32 V.S.A. § 3659, it is entitled to collect as a tax from the plaintiff an amount not to exceed seventy-five per cent of the appraisal of the plaintiff's land, or $93,750. In other words, the defendant has a statutory right to impose a tax on the plaintiff, provided the monetary amount of that tax does not exceed $93,750 regardless of the amount which would ordinarily be computed as an *ad valorem* tax on the plaintiff's property. Thus, under the defendant's theory, the county court was in error when it ordered refunds to the plaintiff from the amounts collected by the defendant as taxes for the years 1970 and 1971 because neither amount exceeded $93,750. However, such a construction would result in the defendant being statutorily able to impose a tax of even greater amount than the ordinary *ad valorem* tax on the plaintiff's property had the improvements made by the plaintiff after the acquisition of the land been taxable. A construction as this one, leading to a most unjust and unreasonable result, cannot be interpolated by this Court. See *In re Preseault*, 130 Vt. 343, 348, 292 A.2d 832 (1972) ; *Montpelier Savings Bank & Trust Co.* v. *Mitchell*, 122 Vt. 85, 88, 165 A.2d 369 (1960).

The trial court construed 32 V.S.A. § 3659 to allow the defendant to impose a tax upon the full fair market value of the plaintiff's property (including improvements made on the plaintiff's land after May 5, 1949) since such tax did not exceed seventy-five per cent of the appraisal of the land. Such construction allows for the plaintiff's above-mentioned improvements exempt from taxation as provided in 32 V.S.A. § 3659 to be taxed at their full value, contra to legislative intent and the construction placed upon 32 V.S.A. § 3659 by this Court. Such judicial construction being erroneous, it must be set aside.

■■ The court also construed the exemption of the improvements made after the acquisition of the plaintiff's land

in 32 V.S.A. § 3659 to only apply to those improvements made subsequent to the effective date of No. 17 of the Public Acts of 1949, being May 5, 1949. However, where the meaning of a statute is plain, there is no necessity for construction, and the court was required to enforce the statute according to its terms. *State* v. *Bartlett*, 128 Vt. 618, 622, 270 A.2d 168 (1970); *Leno* v. *Meunier*, 125 Vt. 30, 33, 209 A.2d 485 (1965). Here, the statute exempts improvements from taxation "made subsequent to the acquisition of the land".

The plain meaning of the statute is to exempt all improvements made after the land was acquired by the municipality, not after 32 V.S.A. § 3659 became effective. And where the meaning is plain, the court was required to enforce the statute according to its terms. *Medlar* v. *Aetna Insurance Co.*, 127 Vt. 337, 342, 248 A.2d 740 (1968). The failure to do so constitutes reversible error.

Applying 32 V.S.A. § 3659 to the circumstances in this case, the following property of the plaintiff is taxable at its full fair market value: land—$125,000; transmission and distribution lines located in the defendant town—$163,000. An additional tax may be levied by the defendant against the plaintiff on $93,750, which is seventy-five per cent of the appraisal of its land. Therefore, the tax liability on the plaintiff's taxable property, based upon a tax rate of $7.50 for the year 1970, is $10,800.00, plus an additional tax pursuant to the formula outlined in 32 V.S.A. § 3659 of $3,515.63, for a total tax liability for the year 1970 of $14,315.63. The tax liability on the plaintiff's taxable property, based upon a tax rate of $6.70 for the year 1971, is $9,648.00, plus an additional tax pursuant to the formula outlined in 32 V.S.A. § 3659 of $3,140.63, for a total tax liability for the year 1971 of $12,-788.63.

*The judgment of the Franklin County Court of Chancery as to the valuation of the plaintiff's property is affirmed; the judgment as to the construction of 32 V.S.A. § 3659 and the amount of refunds that the plaintiff is entitled to is reversed and remanded to recompute the refunds owing to the plaintiff in accordance with the views expressed in this opinion.*