## Village of Morrisville Water and Light Department v. Town of Hyde Park

[313 A.2d 22]

No. 51-72

Present: Barney, Smith, Keyser and Daley, JJ., and Gibson, Supr. J.

Opinion Filed December 4, 1973

*Paterson, Gibson, Noble & Brownell*, Montpelier, for Plaintiff.

*Frederick J. Fayette, Esq.*, Burlington, for Defendant.

**Daley, J.** This is an appeal from the dismissal of a petition for declaratory judgment by the Lamoille County Court of Chancery. The petition had been brought by the plaintiff, a water and light department owned and operated by a municipal corporation, challenging the validity of the property tax assessment by the defendant town of its property situated in that town. The circumstances surrounding the bringing of the plaintiff's petition have been presented in *Village of Morrisville Water and Light Department* v. *Town of Hyde Park*, 129 Vt. 1, 270 A.2d 584 (1970), where this Court reversed an order of the Chancellor of the Court of Chancery dismissing the petition for want of equitable jurisdiction. We are here called upon to determine the correctness of the order of the Chancellor dismissing the petition on the merits of the case.

In its petition, the plaintiff prayed that the Chancellor declare that the taxation of the plaintiff's property in the defendant town is governed by 32 V.S.A. § 3659, which reads:

> Land and buildings of a municipal corporation, whether acquired by purchase or condemnation and situated outside of its territorial limits shall be taxed by the municipality in which such land is situated. Said land shall be set to such municipal corporation in the grand list of the town or city in which such real estate is located at the value fixed in the appraisal next preceding the date of acquisition of such property and taxed on such valuation. The value fixed on such property at each appraisal thereafter shall be the same per acre as the value fixed on similar property in the town or city. Improvements made subsequent to the acquisition of the land shall not be taxed; except that an additional tax not to exceed seventy-five percent of the appraisal of the land may be levied in lieu of a personal property tax.

The findings of the Chancellor show that in 1968 the plaintiff owned 2,887 acres of taxable land in the defendant town. The plaintiff's property contained 2,603 acres of commercial woodland. The taxes on the plaintiff's taxable land amounted to $30,037.50, which, based on the defendant town's tax rate of $10.42, indicates an assessed valuation of $675,000 and a listed valuation of $337,500.

In its prayer for relief of the petition for declaratory judgment, the plaintiff contended that the defendant town did not comply with 32 V.S.A. § 3659 in that the value per acre fixed on its land at the 1968 appraisal was not the same value per acre fixed on similar property in the defendant town. To support this contention, the plaintiff offered into evidence the 1968 per acre appraisals of nine parcels of woodland located in the defendant town. The plaintiff argued that these parcels were similar to the woodland portions of its property located in the defendant town. The appraisals of these parcels ranged between a bit over $4 to $20 per acre. The plaintiff further argued that the appraisal value of its taxable land in the defendant town was $233 per acre. This argument was based on the assumption that the listers of the defendant

town did not assess the improvements made by the plaintiff on its taxable land in the defendant town.

The defendant parried with the allegations that the plaintiff's property was properly appraised at its fair market value and, furthermore, the parcels of woodland argued by the plaintiff to be similar to its property were not similar to its property.

The Chancellor found that the parcels of woodland offered into evidence by the plaintiff were not similar to the plaintiff's taxable property situated in the defendant town. The Chancellor then went on to conclude that the plaintiff's property was appraised at its fair market value and that since he found that those parcels of woodland were not similar to the plaintiff's property, he could not provide relief for the plaintiff on the basis of 32 V.S.A. § 3659.

██ ██ This Court has recently examined the construction of 32 V.S.A. § 3659 in *Swanton Village* v. *Town of Highgate,* 131 Vt. 318, 305 A.2d 586 (1973). In that case it was noted that property of the State and its municipalities is not subject to a general property tax absent the most positive legislative enactment. *Id.* 305 A.2d at 588. Therefore, the State, by appropriate legislative action, may grant municipalities the power to tax State or municipal property. *Id.* 305 A.2d at 589; *Sherburne Corporation* v. *Town of Sherburne,* 124 Vt. 481, 482, 207 A.2d 125 (1965).

As a matter of law, the taxation of the plaintiff's land by the defendant town is governed by 32 V.S.A. § 3659. This land is owned by a municipal corporation (the plaintiff) and is situated outside of its territorial limits. This land has also been taxed by the municipality (the defendant) in which it is situated. *Swanton Village* v. *Town of Highgate, supra.*

██ ██ In order for the defendant, the taxing authority, to justify the collection of the tax on the plaintiff's land, the defendant must show at least a substantial compliance with all the statutory requirements. *Smith & Son, Inc.* v. *Town of Hartford,* 109 Vt. 326, 333, 196 A. 281 (1939) ; *Bosworth* v. *Bancroft,* 74 Vt. 451, 453, 52 A. 1050 (1902). However, a statute that provides for the taxation of property that is

otherwise exempt must be strictly construed. 16 E. McQuillan, Municipal Corporations § 44.56 (3d ed. J. Dray 1972).

In 32 V.S.A. § 3659, the Legislature has provided a specific formula for the taxation of municipally owned property located in another municipality. That formula allows the land of the municipality to be taxed at its appraised value, but prohibits the taxation of improvements made by the municipality except by the specific method provided in the statute. *Swanton Village* v. *Town of Highgate, supra,* 305 A.2d at 589. But Section 3659 also announces a formula that the listers shall use in arriving at the appraised value of municipally owned land—"The value fixed on such property at each appraisal . . . shall be the same per acre as the value fixed on similar property in the same town or city."

■ The Chancellor based the dismissal of the plaintiff's petition on what he considered the plaintiff's failure to show that it was entitled to relief under 32 V.S.A. § 3659. He had concluded that the parcels offered into evidence by the plaintiff were not similar to its property. This holding, however, incorrectly places the burden of proof on the plaintiff. In the case of *Bosworth* v. *Bancroft, supra,* an action of trover was brought against the tax collector of the City of Montpelier, who, under a bill and warrant good in form but bad in substance because the tax was illegally assessed, distrained three shares of the plaintiff's bank stock and wrongfully sold the same to satisfy the tax. In reversing a judgment entered on a verdict ordered for the defendant, Chief Justice Rowell said:

> Now nothing is better settled in the law of this State, than that a tax-bill and warrant, though regular on their face, do not of themselves justify the collector in enforcing them, but that the legality of all previous steps must be shown . . . . [T]he allegation that they are regular on their face . . . creates no presumption that they are good in fact. It would have been enough to allege that the defendant sold the stock on a tax-bill and warrant, without saying more. And when it appeared that the plaintiff owned the stock at the time in question, and that the defendant divested his title thereto as

conceded, a conversion was shown, and the plaintiff had made a case, as nothing had appeared to justify the defendant's act, and therefore the burden of justifying it rests upon him.

*Id.* 74 Vt. at 453; see also, *A.B.C. Realty Corporation* v. *Bissonette,* 129 Vt. 227, 229, 274 A.2d 694 (1971).

The same is true here. When the plaintiff had established that the taxation of its land was governed by 32 V.S.A. § 3659, which required that "the value fixed on such property . . . shall be the same per acre as the value fixed on similar property in the same town", and the defendant admitted in its answer "that the property here in question was assessed at a market value of $675,000 in 1948 and that said assessed valuation has never been changed since that date", the failure of the defendant to strictly comply with Section 3659 was established as a matter of law. Under these circumstances, the order of the Chancellor dismissing the plaintiff's petition cannot stand.

■ Before entering final judgment, we note that the law of this State requires this Court to find some allowable mode of legalizing the collection of taxes justly due. *A.B.C. Realty Corporation* v. *Bissonette, supra,* 129 Vt. at 229; *Reed* v. *Chandler,* 32 Vt. 285, 286 (1895). In the case of *Swanton Village* v. *Town of Highgate, supra,* in which it was determined that an improper construction of 32 V.S.A. § 3659 resulted in an incorrect computation of tax liability, this Court computed the correct tax liability in accordance with Section 3659. *Id.* 305 A.2d at 591. But there, the valuation placed on the municipally owned land by the listers was not in question as it is in this case. Therefore, we will remand this case to the Lamoille County Court for a determination of the correct valuation of the plaintiff's taxable property situated in the defendant town. As equity follows the law, the county court shall be guided by the provisions of 32 V.S.A. § 4467 in making such determination. *Cf. Rowley* v. *Shepardson,* 90 Vt. 25, 31, 96 A. 374 (1916).

*Judgment reversed; cause remanded for determination of the correct valuation of the plaintiff's taxable property in the*

*defendant town and computation of the legal tax liability thereon.*