### Village of Morrisville Water and Light Department v. Town of Hyde Park, et al.

[360 A.2d 882]

No. 132-75

Present: Smith, Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed June 1, 1976

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Plaintiff.

*Alan F. Sylvester* of *Sylvester & Maley,* Burlington, for Defendants.

**Larrow, J.** This is a tax appeal under 32 V.S.A. § 4467 from the 1974 tax assessment on property of the Village of Morrisville lying in the Town of Hyde Park. It deals with the listed valuation on that property under that section and 32 V.S.A. § 3659, relating specifically to taxation of real estate owned by one municipal corporation and located within the boundaries of another. The general subject matter has been before us twice before, under the same title. 129 Vt. 1, 270 A.2d 584 (1970); 131 Vt. 590, 313 A.2d 22 (1973). Appeals from prior assessments, through no fault of the trial judge here involved, are also pending in the trial court.

In our 1973 opinion, we held in substance that the trial court had improperly allocated to the appealing taxpayer the burden of establishing that properties similar to its own were taxed at a lower level; we laid down the rule that under 32 V.S.A. § 3659 the taxing authority, to justify the collection of the tax in question, must show at least a substantial compliance with all the statutory requirements, and that it was error to place upon the appealing taxpayer the burden of showing that similar properties were subjected to lesser tax. We reversed the dismissal below, and remanded for determination of the correct tax valuation. That case involved the 1972 assessment, while this involves the 1974 assessment. Otherwise, the property involved and the issues presented are the same, with an added issue in this case relating to the imposition of an additional tax on 75% of the appraisal levied by the trial court in lieu of personal property tax, as provided by the statute.

32 V.S.A. § 3659 reads as follows:

§ 3659. Municipal lands.

Land and buildings of a municipal corporation, whether acquired by purchase or condemnation and situated outside of its territorial limits shall be taxed by the municipality in which such land is situated. Said land shall be set to such municipal corporation in the grand list of the town or city in which such real estate is located at the value fixed in the appraisal next preceding the date of acquisition of such property and taxed on such valuation. The value fixed on such property at each appraisal thereafter shall be the same per acre as the value fixed on similar property in the town or city. Improvements made subsequent to the acquisition of the land shall not be taxed; except that an additional tax not to exceed seventy-five per cent of the appraisal of the land may be levied in lieu of a personal property tax.

The salient provisions of this section were enacted in 1949 (1949, No. 17), and their legislative history indicates a compromise between the municipalities which owned various properties and those in which the properties had their situs.

32 V.S.A. § 4467 is more general in its application. It was first enacted in 1970 [1969, No. 253 (Adj. Sess.)], and, after providing for judicial recognition of the principles of equality in taxation, mandates that, if the board or court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, it shall set said property in the list at a corresponding value. We have not specifically passed upon allocation of the burden of proof in an appeal based upon this section, and the posture of this case does not require that we do so now. But it is significant to note that § 3659 deals with the taxation of property ordinarily exempt, while § 4467 deals with property normally subject to taxation, and speaks of a positive finding that listed values of comparable properties do not correspond.

Neither party to this appeal seems to have difficulty with the general principle underlying § 3659, at least as far as the general tax upon the realty is concerned. Granting the existence of "similar properties" in the town, the subject property owned by Morrisville is required to be taxed at the same value per acre. The trouble arises from the legal conclusion drawn by the trial court, implicit and express throughout its findings and its conclusions, that the properties relied upon by Morrisville are "collectively more similar" than those relied upon by Hyde Park, so that the aggregate of their ten different appraisals, covering approximately the same area as that of the Morrisville property, may be used as a yardstick. The court also took judicial notice that, all other things being equal, it is generally true that the smaller the parcel of land the greater will be its per acre fair market value in relation to comparable property.

The fallacy of the court's judicial notice, used to partially justify its resort to a combination of smaller parcels as comparable to the subject property (conceded to be 2590 acres despite a disparate finding), is that it simply is not true. It does not take into consideration the "use, both potential and prospective" which Mr. Justice Keyser pointed out in *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 300 A.2d 891 (1973) as an essential element of fair market valuation. Without laboring the point, lots in a residential area, but too small for a dwelling, would be outside the utilized axiom; so

would similar tracts along a highway capable of subdivision without development costs. And so, because of its intrinsic nature, is the subject property here.

Without describing the property at great length, it is about three-fourths owned in fee and one-fourth lease land. It encompasses water privileges, rights of way and easements. Subsequent to acquisition, a dam, dike and access road were constructed, to impound water for hydroelectric generation on the Lamoille River. Generation itself is elsewhere. Known as the "Green River Reservoir", it is a man-made lake surrounded by steep hills with carefully managed timber cover. The created lake covers about 640 acres, 590 within the Town of Hyde Park. There is within the Town of Hyde Park no single parcel where a comparable body of water could be created, and no single property even approximating this parcel in size. In short, while other properties were in evidence which were similar in topography and timber growth, there are none in Hyde Park having "use, potential or prospective" as a reservoir for hydroelectric power generation. Nor were there any with water power privileges and flowage rights, an element of value under *Swanton* v. *Highgate,* 131 Vt. 318, 320, 305 A.2d 586 (1973). Faced with this virtually uncontradicted conclusion, the trial court decided it must resort to those properties "collectively more similar" to comply with the mandate of § 3659. We disagree.

As *Bookstaver* sets out, potential use is an important factor in valuation. So is location. So is demand for the particular use to which the property is suited. All these factors, plus others, bear on the value accorded to property in the market place. A site physically ideal for a shopping center has little value for that purpose absent adjacent populace. A site otherwise ideal for a motel has little value if it adjoins a limited access highway. And, closer to the instant case, properties which together form a natural bowl have no potential as a reservoir in the absence of impoundable streams. The potential use which embodies a large part of the market value is absent. To utilize "more similar" properties rather than the "similar" properties which the statute contemplates as a basis for comparison is to defeat the statutory purpose. It results in a valuation less than similar properties, not equal.

It fails to permit taxation of the property's potential, which existed before municipal acquisition and could have been then taxed. The approximate status quo ante at which the statute is directed is defeated, not preserved.

This is not to say that § 3659 requires exact similarity; we are cognizant that this is practically non-existent. But it does, under its general scheme, contemplate that the properties used as comparables have the same general elements of value as the subject property. Absent these, the statutory principle is not promoted. Without substantial similarity, the statutory rule cannot be applied.

Inability to apply § 3659, however, does not mean inability to tax. With § 3659 not capable of application, § 4467 becomes governing. That statute is less specific; its reference is to the listed values of "comparable" properties, rather than "similar" properties. Adjustments for different aspects of value and potential use can be made more easily under § 4467. The constitutional principles therein referred to, establishing fairness and equality as the norms to be met, can be complied with by establishment, through expert testimony, of the fair market value of the subject property, and assessment of a listed valuation on the same percentage basis as that applied to properties comparable in nature, after adjustments for differences, on the acreage basis required by § 3659. Cf. *International Paper Co.* v. *Winhall*, 133 Vt. 385, 388, 340 A.2d 42 (1975). This will accomplish the legislative intent that the town of situs neither gain nor lose in its tax base through municipal ownership and development.

For the reasons above outlined, we must reverse and remand this matter for new hearing, however regrettable the attendant delay. We point out in connection with this remand that the judgment order as entered below could not have been allowed to stand in any event, because it directed the grand list entry to be made at the full valuation found by the court, without reduction to the 50% figure directed by 32 V.S.A. § 3481(2) to be used as the listed value for tax purposes.

The Village of Morrisville has also filed with this Court a cross-appeal. This is directed to that part of the court's order stating that "an additional tax may be levied against the

plaintiff by the Town of Hyde Park on $69,450.00, which is 75% of the appraisal on the plaintiff's land." As we have noted in the preceding paragraph, the mathematics involved are incorrect.

But Morrisville also urges (1) that Hyde Park has no right to such an assessment, not having made or claimed it until after trial, (2) that there can be no such assessment absent a showing that there was personal property on the premises when they were acquired, and (3) that unless construed as a replacement for personal property lost to taxation by the municipal acquisition, the additional 75% tax authorized by § 3659 is unconstitutional. We disagree.

As to the first contention, a tax appeal is de novo under the statute. 32 V.S.A. § 4467. Cognizant that an appeal involves the risk of increase as well as the chance of decrease, we imposed this 75% tax for the first time *in this Court* in *Swanton* v. *Highgate, supra*. Consistent with that opinion, we hold that upon remand the trial court may impose such additional tax, computed upon the applicable rate and 75% of the listed valuation found.

As noted in *Swanton,* we do not feel that this additional tax is correctly regarded as being in lieu of personal property existing at time of acquisition and therefore removed from the taxing power. We regard it as something more, from its legislative history. It is to compensate the situs town not only for personal property actually lost to taxation, but for the loss of future taxable personalty *plus* inability to tax improvements. Review of the legislative history is contained in *Swanton,* and further recital of it here would serve little purpose. That special legislation, applicable only to Highgate and Swanton, has changed the taxing formula for those towns [1975, No. 182 (Adj. Sess.)] to a kilowatt hour basis not possible of application here and has no bearing on the *Swanton* holding.

The argument regarding the claimed unconstitutionality of the legislation here under review, as is often the case, does not closely delineate the claimed invalidity. Its general scope, however, seems to be directed at the Equal Protection Clause of the Fourteenth Amendment. Recognizing that

there is a definite split of authority as to whether or not that clause may be invoked by a municipality with respect to taxation of its property held in a private, as distinguished from governmental, capacity, (Cf. 56 Am.Jur.2d *Municipal Corporations* § 99, at 155) we view the question in this state as long since determined by *Village of Hardwick* v. *Wolcott*, 98 Vt. 343, 129 A. 159 (1925). It was decided by an able, albeit divided, court and we are not disposed to review the decision. It has stood for over fifty years without serious attack, and no cogent reason for re-examination now appears. Even were we to reverse *Hardwick*, we would not be disposed to hold that the legislation here in question is an invidious classification without fair and reasonable relation to its subject matter. The contentions raised by the cross-appeal, apart from the mathematical errors we have already alluded to, are without merit.

*The judgment of the Lamoille Superior Court is reversed, and the cause is remanded for new trial in accordance with the views herein expressed.*