## City of Montpelier v. Town of Berlin

[465 A.2d 1104]

No. 82-261

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

*Gloria K. Rice* and *J. Paul Giuliani,* Montpelier, for Plaintiff-Appellee.

*Robert J. Kurrle,* Montpelier, for Defendant-Appellant.

**Per Curiam.** The City of Montpelier [City] owns certain real property situated in the Town of Berlin [Town] consisting of fourteen parcels of land, six of which contain improvements thereon. The Town appraised this property for tax purposes for the fiscal year 1980. It did so by determining the fair market value of each parcel and adding thereto 75% of such value pursuant to 32 V.S.A. § 3659. The City objected to the appraisals and appealed to the board of civil authority. It affirmed, and the City appealed to the Washington Superior Court.

The court construed 32 V.S.A. § 3659 as allowing an additional tax not to exceed 75% of the appraisal of land on only those parcels owned by the City upon which actual improvements existed. The Town now appeals, arguing that 32 V.S.A. § 3659 allows for an additional tax not to exceed 75% of the appraisal of land owned by a municipal corporation situated outside of its territorial limits on all such land irrespective of whether or not improvements have actually been constructed thereon. We disagree and affirm.

32 V.S.A. § 3659 establishes a statutory scheme for the taxation of land owned by one municipality but located within the bounds of another municipality. It reads as follows:

> Land and buildings of a municipal corporation, whether acquired by purchase or condemnation and situated outside of its territorial limits shall be taxed by the municipality in which such land is situated. Said land shall be set to such municipal corporation in the grand list of the town or city in which such real estate is located at the value fixed in the appraisal next preceding the date of acquisition of such property and taxed on such valuation. The value fixed on such property at each appraisal thereafter shall be the same per acre as the value fixed on similar property in the town or city. *Improvements made subsequent to the acquisition of the land shall not be taxed; except that an additional tax not to exceed seventy-five*

*per cent of the appraisal of the land may be levied in lieu of a personal property tax.* (Emphasis added.)

The taxing power granted by this statute is to be strictly construed, as "[i]t is contrary to the policy of this State to subject its own property or that of its municipalities, which is devoted to a public use, to a general property tax, absent the most positive legislative enactment." *Swanton Village* v. *Town of Highgate,* 131 Vt. 318, 322, 305 A.2d 586, 588 (1973).

32 V.S.A. § 4152(a)(3) requires that the fourteen parcels of land owned by the City be treated as separate parcels for tax purposes. Thus, the taxation formula contained in § 3659 must be applied to each one of the City's parcels independently of the others. The appraised value per acre of each parcel shall equal the value of similar property in the Town. Improvements made on the property after its acquisition by the City cannot be taxed. The appraisal can only take into account the land and not any improvements thereon. However, an additional tax may be imposed upon a sum no greater than 75% of the land's appraised value. *Id.* at 323, 305 A.2d at 589–90.

This additional tax was the result of a legislative compromise, outlined in *Swanton, supra.* The legislature, in effect, separated the tax on land and the tax on improvements. *Id.* at 323, 305 A.2d at 589. Although the statute describes the additional tax as being "in lieu of a personal property tax," this Court has found it to be something more. "It is to compensate the situs town not only for personal property actually lost to taxation, but for the loss of future taxable personalty *plus* inability to tax improvements." *Village of Morrisville Water & Light Department* v. *Town of Hyde Park,* 134 Vt. 325, 331, 360 A.2d 882, 886 (1976). Thus, when improvements have been made upon property acquired by a municipality, the situs town is entitled to assess the additional tax. However, when the property is not improved, the rationale for the additional tax does not exist. The situs town has suffered no loss of tax on personalty or improvements as to these unimproved parcels.

To adopt the Town's interpretation of § 3659 would lead to "a most unjust and unreasonable result," similar to that rejected by this Court in *Swanton Village* v. *Town of Highgate,*

*supra,* 131 Vt. at 324, 305 A.2d at 590. Thus, we hold that a proper reading of the statute rules out the assessment of the additional tax on the City's unimproved land.

*Affirmed.*