## INTERNATIONAL WATER COMPANY v. TOWN OF HOLLAND

[641 A.2d 347]

No. 93-204

November 19, 1993. The Town of Holland appeals from summary judgment in favor of the International Water Company (IWC) on the issue of whether IWC's underground pipes and appurtenances are exempt from property tax assessment by the Town. We affirm.

The Town first argues that IWC's property does not meet the criteria of the "public use" test set forth in *American Museum of Fly Fishing, Inc. v. Town of Manchester*, 151 Vt. 103, 110, 557 A.2d 900, 904 (1989) (construing 32 V.S.A. § 3802(4)), because the pipes that pass through the Town of Holland are not "dedicated unconditionally to public use." The Town points out that the pipes merely transport water to IWC's reservoir for later distribution to other municipalities. Thus, according to the Town, transportation of the water from the pipes to the reservoir provides only a private benefit to IWC, with no direct and immediate benefit to the public in general or to the residents of the Town of Holland. The Town contends that there is no public benefit until the water actually reaches its final destination in the municipalities where it is put to use. We disagree. The crucial factor in determining whether a public use exists is "the primary use to which property is put." *Id.* at 108, 557 A.2d at 903. As long as the property's primary use is to benefit the public, it does not matter that the realization of the benefit is delayed by the nature of the process. Here, notwith-

standing the intermediary presence of the reservoir, the primary use of the pipes is to provide water for the public. This case is a far cry from *Trustees of Vermont Wild Land Foundation v. Town of Pittsford*, 137 Vt. 439, 444, 407 A.2d 174, 177 (1979), where we denied tax-exempt status for a tract of undeveloped wilderness because restrictions on who could use the land made any benefit to the public secondary and indirect.

Further, as long as the primary use of the property is for the benefit of the public, it does not matter that those members of the public who actually benefit from its use reside outside the town in which the property lies. The statute does not require use by the town in which the property lies, and the Town has not suggested why we should presume the Legislature intended that to be the case.

Next, the Town argues it is entitled to tax IWC's property under 32 V.S.A. § 3659, which provides that "[l]and and buildings of a municipal corporation . . . situated outside of its territorial limits shall be taxed by the municipality in which such land is situated." This argument fails because there is no indication at all in the record that IWC is a municipality. See *City of Montpelier v. Town of Berlin*, 143 Vt. 291, 293, 465 A.2d 1104, 1105 (1983) (taxing power granted by § 3659 must be "strictly construed" because it is contrary to policy of state to subject property devoted to public use to general property tax, absent "the most positive legislative enactment"). Organized by a special act of the Legislature in 1906, IWC was not created by municipal charter and does not enjoy any of the general powers granted to municipalities.

The Town does not provide any explanation for why it believes IWC should be considered a municipality, but rather argues that IWC's status is a question of fact that should have

been determined at an evidentiary hearing. We conclude that no hearing was necessary under the instant circumstances. The Town did not file any response to IWC's motion for summary judgment before the court ruled in favor of IWC, three and one-half months after the motion was filed. Thus, the court properly determined the matter based on IWC's motion without a hearing on the question of whether IWC is a municipality. See V.C.R.P. 56(e) (if party opposing summary judgment does not set forth specific facts showing that there is genuine issue for trial, summary judgment, if appropriate, "shall" be entered against that party); *Fitzgerald v. Congelton*, 155 Vt. 283, 295, 583 A.2d 595, 602 (1990) (party challenging summary judgment ruling by asserting existence of genuine issues of material fact cannot raise those issues for first time on appeal).

*Affirmed.*